IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Criminal No. 3:18-cr-308-CMC |
| vs. | **OPINION AND ORDER** |
| Donnell S. Woodard,<br>     Defendant. | |

This matter is before the court on Defendant's *pro se* motion for relief under 28 U.S.C. § 2255. ECF No. 177. Defendant contends he received ineffective assistance of counsel in that his lawyer claimed Defendant would get a 10-year sentence, but he received much more than that, and at sentencing an additional two levels were added to his offense level. *Id.* at 4. He asserts his conviction was "confusing" and he also did not understand what the judge said about appealing because the prosecutor talked over the judge. *Id.* He additionally argues the judgment was "sexist" because there was a female judge, prosecutor, FBI agent, co-defendant, and victims in his case, and the female co-defendant received a lesser sentence. *Id.* at 5.

The Government filed a motion for summary judgment and included an affidavit by Defendant's trial counsel in support. ECF Nos. 189, 192 (additional attachments). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. ECF No. 190. Defendant did not file a reply; however, he did file additional motions. First, he requested the court appoint counsel because his institution was on lockdown and "denie[d] [him] the tools to proper respond to any legal matters." ECF No. 193 (errors in original). The court denied his motion for counsel but granted a 30-day extension to respond to the Government's summary judgment motion. ECF Nos. 194, 197.

The case was then reassigned to the undersigned. Thereafter, Defendant filed a motion for reconsideration of the order denying motion to appoint counsel, a motion for BOP facility redesignation, two letters requesting the address of the BOP Designation Computation Center, and actual innocence (2241) forms. ECF No. 203, 204, 205, 206.[1] His motion for reconsideration argues he is actually innocent of the two counts to which he pled guilty, as there is no evidence he met certain elements of the crimes for which he was convicted. ECF No. 203. He again requests counsel. *Id.* His second *pro se* motion seeks information on the reassignment of his case from Judge Childs to the undersigned, and also requests the court order the BOP to move him to a facility with other sex offenders, as he believes he is in "grave danger" because other inmates "highly dislike" inmates convicted of sex crimes. ECF No. 204. Finally, Defendant filed a motion "for a speedy judgment" on his § 2255 motion. ECF No. 222.

## BACKGROUND

In November 2017, Lexington Police Department undercover officers discovered a minor advertising sex via a website, and an undercover officer set up a time to meet the minor at a local motel. Officers observed the 16-year-old minor being dropped off by Defendant Woodard and his co-defendant and fiancé, India Cuyler. Officers apprehended Defendant and Cuyler and placed

---

[1] The requested form for a petition under 28 U.S.C. § 2241 was mailed to him on August 22, 2022. ECF No. 207.

2

them under arrest on state charges. ECF No. 141, PreSentence Report ("PSR") at ¶¶ 19-43. The investigation led officers to another motel where a second minor, also involved in the prostitution ring, was located. Officers determined online photos advertising the victims were taken in that motel room, and the investigation revealed Woodard and Cuyler were using a cell phone to post advertisements for sex with both minors on a website and taking a portion of the proceeds. *Id.* After their arrest, jail calls by Defendant were intercepted discussing other individuals in the sex trafficking business and a call by Cuyler was intercepted asking another person to assault one of the minor victims in the case. Additionally, Defendant attempted to influence Cuyler to change her story in order to impede the prosecution. *Id.* at ¶¶ 35, 42.

On March 20, 2018, Defendant and Cuyler were indicted on five counts: conspiracy to commit sex trafficking of children by force, fraud, or coercion, in violation of 18 U.S.C. § 1594(c) (Count 1); two counts of sex trafficking of children under 18 years old, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2), 1591(c), and 2 (Counts 2 and 3); and two counts of benefitting from sex trafficking of children under 18 years old, in violation of 18 U.S.C. §§ 1591(1)(1), 1591(b)(2), and 2 (Counts 4 and 5). Defense counsel sought a psychological evaluation of Woodard, after which he was found competent to stand trial. He thereafter pled guilty pursuant to a Plea Agreement to Counts 1 and 5: conspiracy to sex traffic minors and benefitting from sex trafficking of minors. ECF No. 129. The Plea Agreement contained an appeal waiver, in which Defendant agreed to waive his right to contest his conviction or sentence in a direct appeal or post-conviction

3

action, including a motion under §2255, but excluding claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law. *Id.* at ¶ 14. Defendant entered his guilty plea on September 16, 2019, and was sentenced on February 24, 2021.

At sentencing, the court imposed a middle-of-the-guidelines sentence of 300 months, concurrent, on Counts 1 and 5, after ruling on Defendant's objections and considering the parties' arguments regarding sentence. ECF No. 166. He was sentenced to 15 years supervised release and ordered to pay restitution in the amount of $4800. *Id.* Defendant did not file an appeal, but timely filed the instant motion pursuant to § 2255 on January 24, 2022. ECF No. 177.

**STANDARD**

As to claims regarding ineffective assistance of counsel, the standard is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id.* As to the first prong of the Strickland test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id.* at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *see also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

Under the second prong of the *Strickland* test, Defendant must establish that he experienced prejudice as a result of counsel's ineffectiveness, meaning that there exists "a reasonable

4

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012) (internal quotation marks and citation omitted). In the context of a guilty plea, a defendant must show there is a "reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). Because "[t]he defendant bears the burden of proving *Strickland* prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Strickland*, 466 U.S. at 697).

## DISCUSSION

As an initial matter, Defendant inquires why his case was reassigned from Judge Childs to the undersigned. A simple explanation: Judge Childs has been elevated to the United States Court of Appeals for the District of Columbia Circuit, and is no longer a judge on the South Carolina District Court. Therefore, her cases have been reassigned to other judges in this District, including Defendant's pending § 2255 motion.

Turning to the instant motion, Defendant alleges two grounds: (1) ineffective assistance of counsel, specifically asserting defense counsel claimed he would get 10 years, then 17 years, and he received an "undocumented enhancement" of two levels at sentencing "from state evidence that was dismissed as a case in whole;" and (2) "sexist judgment" because the judge, prosecutor, FBI

5

agent, co-defendant, and victims were all female, and his female co-defendant received a lesser sentence. ECF No. 177.

The Government, in its response in opposition, argues Defendant's grounds lack merit, and the second ground is barred by the appeal waiver and procedurally defaulted. ECF No. 189-1 at 5. Based on defense counsel's affidavit, the Government argues counsel was not ineffective and did not advise Defendant he would receive a 10-year sentence. *Id*. at 6. It asserts the plea colloquy confirms this as well. ECF No. 7.

Defendant did not file a substantive response to the summary judgment motion, despite being granted additional time to do so. However, after this motion was reassigned to the undersigned, he filed a motion stating he was "actually innocent" of the two charges to which he pled guilty. ECF No. 204. This may be an attempt to show procedural default of ground 2 should be excused.

　　1. *Ground 1: Ineffective Assistance of Counsel*

Defendant alleges ineffectiveness[2] because his lawyer "claimed [he] would get 10 years then it went to 17 years, plus an undocumented enhancement at sentencing of two levels that gave

---

[2] By raising grounds of ineffective assistance of counsel, Defendant has implicitly waived his attorney-client privilege as it relates to the grounds asserted. *In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005) ("The [attorney-client] privilege may be implicitly waived by claiming ineffective assistance of counsel or otherwise raising issues regarding counsel's performance."); *Bittaker v.*

6

me 25 years." ECF No. 177 at 4. The Government filed an affidavit from defense counsel John Delgado with its motion for summary judgment, in which counsel avers there is "absolutely no truth to the claim that I promised, indicated, or thought that the court would sentence as low as 120 months upon a plea of guilt. That is solely a product of the client's hopes, conjecture, and unrealistic expectations." ECF No. 189-2 at 1. Further, Defendant testified during the plea colloquy no one promised him anything in exchange for the plea, including a particular sentence. ECF No. 183 at 29. He also testified he was satisfied with counsel's performance on his case. *Id.* at 8.

The court, and counsel, are entitled to rely on Defendant's sworn statements at his plea hearing absent extraordinary circumstances not present here. *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Despite Defendant's current assertion his lawyer advised he would receive a 10-year sentence, it is clear from his sworn testimony at the time of the plea Defendant was not promised a particular sentence.

---

*Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (same); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) ("[A] party waives its attorney-client privilege when it injects into this litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct.") (internal quotation marks omitted).

7

Further, Mr. Delgado vigorously represented Defendant[3] and obtained a favorable plea agreement, as Defendant pled guilty to only two counts of a five-count Indictment and received the benefit of dismissal of the remaining counts. Defendant also benefitted from a stipulation between the parties that a certain guideline enhancement would not apply. In addition, Mr. Delgado was able to defeat the Government's motion to revoke acceptance of responsibility given Defendant's obstruction of justice by communicating with his co-defendant and attempting to have her change her statements.

Defendant also references a two-level enhancement he received at sentencing. Assuming *arguendo* this is the enhancement for obstruction of justice, the court notes Mr. Delgado strenuously argued against the enhancement at sentencing. ECF No. 185 at 29-32, 41-45. The court overruled Defendant's objection; however, Mr. Delgado successfully ensured Defendant received acceptance of responsibility, despite the finding of obstruction. *Id.* at 49, 52. As noted by the Government at sentencing, it is an "extraordinary circumstance" where obstruction does not lead to denial of acceptance, *id.* at 48, and Mr. Delgado successfully achieved that result for his client.

---

[3] At the beginning of the case, Mr. Delgado moved the court to have Defendant evaluated for competency to stand trial and criminal responsibility to ensure he was competent.

Given the totality of the circumstances, the court cannot say Defendant has shown counsel failed to provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, or that Defendant has proved he was prejudiced by counsel's representation. Accordingly, the Government is entitled to summary judgment on the ground regarding ineffective assistance of counsel and it is dismissed with prejudice.

  2. *Ground 2: "Sexist Judgment"*

Defendant next argues the judgment against him was sexist because his female co-defendant committed most of the offenses, but he received a higher sentence because the judge, prosecutor, FBI agent, and victims were also female. Defense counsel acknowledges discussing this angle with Defendant in terms of "gender optics" were he to proceed to trial; however, counsel notes there "was certainly no prejudice done Mr. Woodard under the circumstances as presented at the plea and hearing." ECF No. 189-2 at 4.

As the Government notes, this ground is barred by Defendant's appeal waiver and is procedurally defaulted. Defendant's Plea Agreement contained an appeal waiver, in which he agreed to waive his right to contest his conviction or sentence in a direct appeal or post-conviction action, including a motion under §2255, but excluding claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law. *Id.* at ¶ 14. This provision was explained to Defendant at his Rule 11 hearing and at sentencing, and he acknowledged both times he

understood the agreement. ECF No. 183 at 37-38; ECF No. 185 at 78.[4] Further, the court determined the plea was knowing and voluntary. ECF No. 183 at 39. As the claim regarding "sexist judgment" is not one for ineffective assistance of counsel, prosecutorial misconduct, or relating to a future change in the law, it is disallowed by the waiver.

In addition, this claim is procedurally defaulted. Defendant did not appeal; however, this ground is one that could have been raised on appeal. Because he did not appeal, this claim is procedurally defaulted, unless he can show cause and actual prejudice or that he is actually innocent of the offense. *Bousley v. United States,* 523 U.S. 614, 621-22 (1998). "Cause" can be established if there is an issue "external to the defense, such as the novelty of the claim or denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). Cause cannot be established, however, when the facts underlying the claim were in existence and were available upon a reasonably diligent search. *United States v. Norman*, No. 7:17-cr-527-HMH, 2020 WL 4043648, at *3 (D.S.C. July 17, 2020) (quoting *Rose v. Lee*, 252 F.3d 676, 687 (4th Cir. 2001)). To show actual prejudice, a defendant must show the defect he cites as cause worked to his "actual and substantial disadvantage," not merely that it created a "possibility of prejudice." *Murray v. Carrier*, 477 U.S. 478, 494 (1986).

---

[4] At sentencing the court only discussed the appellate waiver; however, the clause in the Plea Agreement covers both appeals and motions under § 2255.

10

Defendant asserts he did not file a direct appeal because he did not understand his right to do so, because the "Judge said something about appealing but the prosecutor talked over the judge so I have little understanding." ECF No. 177 at 4. This, again, is belied by the record. After the judge pronounced the sentence, she explained to Defendant:

> THE COURT: You will have the ability to appeal and that's based on your plea agreement, and you can do it through your lawyer or you can do it through your own, but in any regard, you will have to appeal timely under the Federal Rules of Criminal Procedure or the sentencing statutes. And you don't – you still get to appeal if there's ineffective assistance of counsel, prosecutorial misconduct, or changes in the law that actually affect you.
> MS. HAYNES: Your Honor --
> THE COURT: Do you understand your appeal rights? Do you understand your appeal rights, sir?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Okay. Government, did you have something to say?
> MS. HAYNES: Yes.
> THE COURT: Okay.
> MS. HAYNES: I was just going to clarify about the appellant's rights. In his plea agreement, he waived those rights except for, as Your Honor noted, ineffective assistance of counsel or prosecutorial misconduct or future changes in the
> law.

ECF No. 185 at 78:4-24. While it does appear the AUSA may have said a few words during the judge's explanation of the appeal rights, Defendant answered that he understood his rights and did not ask for clarification or any further information. As Defendant had made several arguments and requests for clarification earlier in the sentencing, it is clear he had no trouble speaking up when he had an issue or question. The court finds this does not show cause to excuse procedural default. Further, he has not shown or attempted to show actual prejudice.

11

Instead, Defendant on reply argues he is actually innocent of the charges to which he pled guilty, and there is no evidence against him on the conspiracy element of Count 1 or that he received any proceeds of sex trafficking as required by Count 5. He asserts the Government failed to meet their burden of proof on both counts. ECF No. 203. Again, however, this belies his sworn testimony at his plea colloquy. The Government presented the facts of the case and the elements these facts would be utilized to prove. ECF No. 183 at 30-33. Specifically, the Government stated Defendant and his-codefendant would drive the minor victims to different motels for sex acts with other men, Defendant gave one victim a knife with which to protect herself, he rented rooms for her to have sex with men for money, and when she gave half her proceeds to Ms. Cuyler, Ms. Cuyler gave some of that money to Defendant. Defendant agreed this was a correct summation of the facts. *Id.* at 33. In addition, Defendant agreed he was involved in the conspiracy to commit sex trafficking of minors under the age of 18; he acknowledged he bought hotel rooms so sex trafficking could occur; and he knew his co-defendant was setting everything up with the minor victims and the men. *Id*. at 19-21.

Defendant's assertions of innocence directly contradict what he admitted during the sworn plea colloquy. In light of Defendant's statements at his Rule 11 hearing, "the contrary allegations in [the] § 2255 motion are palpably incredible and patently frivolous or false." *Lemaster*, 403 F.3d at 222. The court is entitled to rely on Defendant's sworn statements. *Id.* at 221. Therefore, the court finds Defendant's assertions of actual innocence do not excuse his procedural default.

12

### 3. *Other Motions*

Defendant also requests reconsideration of his motion for appointment of counsel, which was denied by the judge previously assigned to this case. ECF No. 203. The court previously found Defendant has capacity to present his claim, and this case does not involve exceptional circumstances warranting appointment of counsel. ECF No. 197. This court agrees. As noted in the previous order, there is no absolute right to counsel for a § 2255 motion, and it appears Defendant is able to present his claim. Defendant's motion for reconsideration of appointment of counsel is denied, as is his request for an evidentiary hearing, as the court has determined his § 2255 motion is able to be resolved on the papers.

Finally, the court has explained above the reassignment of this case to the undersigned. As for Defendant's request to transport him to another facility with other inmates serving sentences for sex crimes (ECF No. 204), matters of designation are within the province of the BOP. Therefore, the court is unable to order he be transferred to another facility. Defendant's motion (ECF No. 204) is denied. His motion for "speedy judgment" (ECF No. 222) is moot as the court has now ruled on his claims.

**CONCLUSION**

For the reasons above, the Government's motion for summary judgment (ECF No. 189) is granted, and Defendant's § 2255 motion (ECF No. 177) is hereby **dismissed with prejudice**. Defendant's motion for reconsideration regarding appointment of counsel (ECF No. 203) and

13

motion for BOP facility redesignation (ECF No. 204) are denied. His motion for "speedy judgment" (ECF No. 222) is dismissed as moot.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 13, 2022

14